MURRAY O. FUSSELL and wife, LUCILLE FUSSELL, Appellants, v. VOWELL & SONS, INCORPORATED, Appellee. —447 S.W.2d 113.

Western Section.   May 28, 1969.

Certiorari Denied by Supreme Court August 18, 1969.

Miles & Miles, Union City, for appellants.

Harold T. Brundige, Martin, for appellee.

TAYLOR, J. This is a suit to enforce a furnisher's lien against real property situated in Weakley County. The suit was brought in the Chancery Court of that county, Hon. Grooms Herron, Chancellor.

Appellants entered into an oral agreement with one Nolen Hart for the construction of a residence in Weakley County. After the construction had been begun appellants received a number of invoices from appellee and subsequently received a telephone call from Morris Vowell, Jr., wherein Mr. Fussell was asked when he was going to pay the account. The materials furnished had been charged to Mr. Fussell upon the instruction of Mr. Hart and without the consent of Fussell. When Fussell received the telephone call from Vowell he went to appellee's place of business and told Mr. Vowell that Hart had no authority to charge anything to him and instructed appellee not to charge anything further to appellants. Fussell paid appellee's charges through April 16, 1967, and appellee agreed not to invoice appellants for anything else. There was no request made that appellee not sell anything further to Hart but we think it fair to say that Mr. Fussell made it clear to Mr. Vowell that he would not be responsible for anything sold to Hart after that, April 24, 1967.

From the testimony of Fussell and Vowell it is clear that Vowell knew that he would have a lien on the property for supplies sold to Hart and delivered on the job in the future while Fussell was not aware of any statutory lien and did not request a waiver of such a lien for supplies sold to Hart after that time. Herein lies the one and only issue: Did the agreement of appellee not to charge anything to appellants constitute a waiver of his lien rights?

■ The law is clear that a furnisher has a lien on real property for the value of materials furnished provided that he complies with the provisions of Section 64-1115 of Tennessee Code Annotated. It is conceded that appellee complied with this provision of the code.

Appellants contend that in paying appellee for materials delivered on the job through April 16, 1967, and by advising appellee not to charge anything else to appellants that appellee waived any and all liens against the property improved. On cross-examination Mr. Vowell testified:

"Q. Now, I am not quite certain that I understand exactly what you said transpired between you and Mr. Fussell at the time this check was given. I understood that he told you not to charge anything else to him?

A. Yes.

\* \* \* \* \* \*

Q. Did he not also tell you that, after that time, he was not going to be responsible for anything else that was sent out there—not to look to him for any payment?

A. His exact words, I couldn't tell you, but I understood that we were absolutely not to charge anything to him.

\* \* \* \* \* \*

Q. And did you not understand from the conversation that, if you sold to Mr. Hart, you had to look to Mr. Hart for payment. Wasn't that the intention of it?

A. I think that's what he intended."

(Transcript, pages 36 and 37)

On cross-examination Mr. Fussell testified:

"Q. Did you understand or did you intend at the time for Mr. Vowell to agree with you that he would waive any statutory lien he might have on your property or might have in the future?

A. I didn't know anything about a statutory deal, Harold."

(Transcript, page 44)

■ We think it obvious from the foregoing that appellants intended to absolve themselves for materials purchased by Hart from appellee after April 24, 1967, and we hold that they would have been protected if appellee had sued them ex contractu directly. However, appellee's suit was directed against Hart and the enforcement of its furnisher's lien sought as security for payment of materials purchased by Hart. No waiver was sought by Fussell and none was granted by appellee.

For the foregoing reasons the assignment of error of appellants is overruled and the judgment of the lower court is affirmed. The costs are adjudged against appellants. A decree will be entered here in keeping with this memorandum opinion.

Carney and Matherne, JJ., concur.